NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DALE M. BARANOSKI, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil Action No. 05-3337 (RBK) |
| v. | : | **O P I N I O N** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DALE M. BARANOSKI
    1901 A Denham Ct.
    Mt. Laurel, New Jersey  08054
    Petitioner Pro Se

**KUGLER, District Judge:**

    Dale M. Baranoski filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, accompanied by several exhibits, challenging a conviction in the Municipal Court for the Township of Edgewater Park.  Having thoroughly reviewed Petitioner's submissions, the Court summarily dismisses the Petition for lack of subject matter jurisdiction, see 28 U.S.C. § 2254 Rule 4, and declines to issue a certificate of appealability, see 28 U.S.C. §§ 2253(c).

**I.  BACKGROUND**

    Petitioner challenges a conviction and sentence entered in the Municipal Court for the Township of Edgewater Park, New Jersey, on June 8, 2000.  Municipal court Judge Alfred A. Faxon, III, found Petitioner guilty of criminal trespass in violation of N.J. Stat. Ann. § 2C:18-3a,

a disorderly persons offense.  Judge Faxon sentenced Petitioner to a one-year term of probation, and to payment of a $110.00 fine, a $50.00 penalty payable to the Violent Crimes Compensation Board, and a $75.00 Safe Neighborhood Fund assessment.  In accordance with N.J. Stat. Ann. § 2C:51-2, Petitioner was ordered to forfeit his public office as a Westampton Township police officer. Petitioner appealed to the Superior Court of New Jersey, Law Division, Burlington County, and the Law Division convicted Petitioner on February 23, 2001, after a trial de novo.

On February 5, 2002, Petitioner filed an application for post conviction relief, which the Edgewater Township Municipal Court denied by order filed September 12, 2002.  Petitioner appealed and by order filed September 30, 2003, the Law Division of the Superior Court of New Jersey, Burlington County, affirmed the order denying post conviction relief.  Petitioner appealed to the Superior Court of New Jersey, Appellate Division.  In an opinion filed April 15, 2005, the Appellate Division affirmed.  See State of New Jersey v. Baranoski, Docket No. A-1401-03T1 slip op. (App. Div. April 15, 2005).  On July 11, 2005, the Supreme Court of New Jersey denied certification.  See State v. Baranoski, 185 N.J. 36 (2005) (table).

On July 7, 2005, Petitioner filed the this § 2254 Petition seeking an order vacating the conviction, removing the forfeiture of public office, reinstating Petitioner to his position of police officer, and directing the United States Attorney's office to investigate and prosecute as appropriate.  The Petition raises five grounds for relief:

> GROUND ONE:  The N.J. courts refusal to overturn/vacate conviction have been arbitrary, capricious and completely against fact/law.
>
> GROUND TWO:  Disregard of valid court order to dismiss complaint.

>GROUND THREE:  Ineffectiveness of counsel.

>GROUND FOUR:  Prosecutorial Misconduct.

>GROUND FIVE:  Actual Innocence.

(Pet. Grounds One - Five.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.

## III.  DISCUSSION

A.  Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the

3

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998). The petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824.

In this case, Petitioner's one-year term of probation expired on June 8, 2001. Because Petitioner did not sign his § 2254 Petition until June 30, 2005, four years after his probation expired, Petitioner was not "in custody" under the sentence under attack at the time the Petition was filed. This Court is constrained to dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.

s/Robert B. Kugler<br>
ROBERT B. KUGLER, U.S.D.J.

Dated:          January 19,      , 2006